Thank you. Good morning, Your Honors. May it please the Court, Counsel, Richard Wall for Appellant Douglas DiBiasi. Your Honors, this is the second time we've been before this Court on this matter. The last time we were here, we got a decision that was not favorable to us. We did not agree with what the Court did, but we accept it and we respect the Court's judgment in that matter. Today, all we ask is that you remain consistent with the decision that you previously made. So would you agree that entitlement is law of the case? Absolutely. In fact, surprisingly, with the way I read the appellee's brief, is that they're trying to say what the District Court did is somehow the law of the case, even though this Court overturned that decision, so I was a little confused by that. But what this Court did in the prior appeal is, in fact, the law of the case. And what this Court said is that the immunity is available to the defendants on the state law claims in this case because Ms. Ruff made a complaint to the police because that complaint was regarding a matter of concern to them, and then she got sued for that. Your position is, okay, the Ninth Circuit's said entitlement is there. You just want it focused on the amount that's related to the assertion of the anti-SLAPP defense, right? Absolutely. And let me ask you this question to have a habit of sort of cutting to the chase. If we agree with you, why go to the trouble of sending this back to the District Court for resolution? Would you be willing to sit down with our circuit mediator, have Perkins Coie refine their request in the way you're suggesting? This is if we agree with you, and simply resolve the matter as to what the amount is. I am always open to mediation and resolving cases whenever possible. Okay, all right. Thank you. Go ahead with the argument. I just wanted to get that point out. But technically, someone needs to at some point determine what actually is recoverable under the statute if it can't be resolved. Well, we can send you back to District Court, and you can wait. They can wait, and their client can wait. Or in about a week or two, you can sit down, and we have a circuit mediator right here in Seattle, and they can say, here's what we think it is, and you can refine it and hopefully come to an agreement, right? And we would be certainly willing to engage in that process, Your Honor. All right. Thank you. But getting back to the legal argument, so there are those three things that needed to be established. We argued that you can't take the case to trial and then just claim immunity. You guys disagreed with us on that. But one thing is clear is what this Court said was required to establish immunity. All that was in the complaint. It was right there in the complaint. Well, it seems to me opposing counsel would have been really eager to agree with you about that very early in the litigation and tried to get the District Court to rule that way. Did not. Never made a 12B6 motion. Never asked for the judge to say, look, what they've pled establishes our immunity. You should dismiss this case right now. That's what you do if you believe you have immunity. You don't allow your client to be deposed. You don't go hire experts. You don't engage in extensive discovery because you have immunity. But counsel, surely the opposing counsel, and I don't mean to spend a whole lot of time on this, but surely opposing counsel had a pretrial set of deadlines established by the District Court and was really obliged to abide by those. And doesn't have a crystal ball, right? Doesn't have a crystal ball about what the ruling is going to be and how best to prepare her client to meet those deadlines. Is it really your position that she was required to forego discovery? No, they don't have to forego discovery. But if they're going to claim immunity and they're going to claim attorney's fees for establishing immunity, you don't need to take a deposition to establish immunity. You don't need to do any discovery to establish immunity in a case like this. So what they want to do is we're going to go litigate the merits of the case, even though immunity is already established by the pleadings. Well, to the extent one party could look at the pleadings and see if there was immunity available or should be as a matter of law, that was certainly true of both counsel, right? Correct. Would there have been immunity if the person at Starbucks at the drive-in window had called their cousin on the local police force and had them send out a SWAT team? According to the way this Court ruled, yes, because this Court ruled it's absolute immunity that was not qualified in any way. So when you've got absolute immunity, as they argue, the whole point is to protect the defendant from having to do all the things that their attorneys did. So it's your position that as long as someone from Starbucks reported this to someone in law enforcement, no fact would take it outside of immunity? That's the way this Court ruled. Okay. All right. Now, as they claim, the whole point is to prevent or protect a defendant in these cases from having the burden of the expense of litigation and the time, right? So what they want to now say is, well, we can go do all that anyway and then get paid for it at the end because we started out with immunity. Well, that's not what this statute is about. This statute is about stopping the lawsuit in its tracks. Well, counsel, if we were to agree with you about that, and I think it seems to be a really debatable point, which is why you're all here, but if we were to agree about that, how would you have us measure this? What you need to do is you need to go back and look at what work was actually done to establish immunity because that's what the statute says. You can recover costs and attorney's fees, now I'm quoting, incurred in establishing the defense. Right. That's sort of the conclusion, but what I'm asking is how would you measure it? By going back and looking at what work was reasonably done to establish that they had this defense. So now you're repeating yourself, but help me out. Is it your position? I really am just trying to drill down. If my question's not a clear one, forgive me, but I really am trying to drill down on that. What kinds of things do I think would qualify? Right. Okay. If you bring a 12v6 motion, obviously that qualifies. And if you denied, your next step is to take that up on appeal because, again, you're asserting immunity. We don't have to engage in discovery. We don't have to do anything because we are immune from this lawsuit. And if you want to establish that defense, that's how you do it. And they know that. They, as they point out, they sent their first letter out saying we've got this defense. You should dismiss your lawsuit. We didn't think they had a defense. We thought the statute should be interpreted differently, and so we weren't willing to just dismiss the case. But they had every opportunity to bring a 12v6 motion, get a ruling on that immediately, and if that was denied, to appeal it. That's what you, the kind of things you do to establish your defense. Now, that said. That's what you're saying they didn't do. So, again, I'm trying to figure out how you'd measure it. So what they did do, though, is they did bring it up at summary judgment. So I would believe there would be some of that time or whatever was involved in that part of the summary judgment. You would parse that. Yes. Okay. Because part of that was immunity defense. But then they had another, they had a chance there to appeal an adverse ruling, and they didn't. So I'm hard pressed to find anything from that point on that was directed toward establishing the defense of immunity. Everything that was done from that point on was preparing for trial for litigating the merits of the case. Okay. So is the answer to my question, again, I don't mean to belabor the point, but is the answer that you think they're entitled to some of the fair cost of preparing and arguing the summary judgment motion? Yes. And there may be some other things that I can't think of right now, but it would have to be tied to actually the immunity issue. All right. Certainly that would include initial review of the complaint, filing an answer, which I think would be appropriate. Okay. Researching the immunity issue and those kinds of things. All right. Thank you. Thank you. May it please the Court. Counsel. Mary Gaston from Perkins Coie on behalf of the appellees Leslie Ruff, Heidi Parr, and their employer, Starbucks Corporation. The gist of plaintiff's complaint, Your Honor, I think goes to the heart of your question, Judge Kristen. The gist of the error that they claim is that once we had the benefit of the Ninth Circuit ruling, that once appellant had determined what the quickest and fastest way that the appellees could have won this case, and that would have been a motion for judgment of the pleadings and an interlocutory appeal? That would be a great argument if the statute said, established the standard that you just described in your argument, but it doesn't. The statute said that you're entitled to recover expenses and reasonable attorney's fees incurred in establishing the defense. That's correct, Your Honor, and it took the appellees a trial and an appeal in order for us to establish the defense, and it is for that reason that... Well, why is that? What's your answer to really what Judge Hawkins' question is and opposing counsel? Because, well, of course, you've prepared thoroughly for this argument, and you know what the plain language of the statute says, so why did you need to depose people? Why is it more than what opposing counsel is advocating? Absolutely, Your Honor, because from the beginning, both the district court made clear in its rulings and the appellant argued is that the defense of immunity included a good faith requirement. It included an implicit good faith requirement. According to appellant, that meant if you were able to prove to a jury that the matter was not one of reasonable concern to the police. For example, if Leslie Ruff falsely reported a crime, then he argued that would not be a matter reasonably of concern to the police. In order to determine that, a trial was required. Likewise, in order to determine whether her motivation was based in malice, a trial was required. So the interpretation that the district court gave the statute and the position that the appellants took from the very beginning of this litigation required us to prevail on the defense by going to trial. We had no other way. Forgive me for interrupting. How many depositions were taken in addition to Ruff's? Correct me if I'm wrong, Mr. Wall, but if I recall correctly, the eyewitnesses' depositions were taken. There were also sheriffs. The county was a defendant, as were some sheriffs. I believe their depositions were taken. And is it your position that all of the – that's what I'm really asking. Is it your position that all of the depositions would have been necessary to establish a good faith report? It seems to me from your briefing that you think all of your fees are fair game here. No, I don't think that's correct, Your Honor. We did reduce at the district court level. We took out all fees that were required only to prove or that were time that was spent that was only attributable to, for example, the 1983 action against Leslie Ruff. Because remember, so there was already that parsing done at the district court level. The district court gave us very specific direction as to what we were allowed to recover, and he said those in establishing the defense and those related to Heidi Parr's defense of the 1983 action. Did the other side ever concede that this was a matter of interest to law enforcement? No, that issue was taken to trial because they claimed that a false report, a knowing false report would not have been of reasonable concern to law enforcement. I'm just sort of trending this out. If you had moved under 12b-6 or earlier for summary judgment, the likelihood is they would have responded by saying, we don't know enough to establish whether this meets the substantive requirements of the anti-SLAPP statute. Well, correct, Your Honor, not just that they would have, but that is what they did. Remember that we did move in opposition to their motion to amend the complaint, and we based that on the 12b-6 standard, that the claim was futile, and it was futile because of the immunity statute. We lost that, and they argued it was necessary to go to a hearing in order to make that determination. Again, we moved for summary judgment, and again, appellant argued we could not resolve this. There were an issue of fact as to whether Ms. Ruff acted in good faith or acted with malice, whether she knowingly made a false report. There was no way, based on the position taken by the district court and by the appellant, that we could prevail on the defense other than by going to trial. You asked then, Your Honor, how do you measure the cost then incurred in establishing the defense? I would argue that the statute provides. Well, and can I refine that? Because a minute ago, I think the conversation veered off, which is fine, in response to a different question, but I was asking your position. At this point, you think all of it is fair game. And I don't, if you could just let me finish, I don't mean the entirety of Perkins' bill or the defense cost. I mean what the district court ordered at this point. You think this is all related to establishing this defense? That is correct, Your Honor. I believe that after the retractions made at the lower court level and pursuant to the I do want to hear your client's position in response to Judge Hawkins' question about mediation. And I also want to make sure we leave time for Judge Noonan to ask any questions of you that he might have. Yes, Your Honor. First, I would offer for the record that we have engaged in numerous mediation sessions with Mr. Getz.  That were unavailing. On liability or on fees? On fees. Post, I don't want to get too far into this, but post-Ninth Circuit ruling you did? Correct, Your Honor. Okay, thank you. Numerous occasion. And so putting aside my belief that it would be futile to engage with Mr. Getz, I don't think it answers the underlying question that is really at the heart, and that is whether the district court properly awarded fees. Once that's determined, whether there's an ability to settle, everyone is willing to always sit down. But I do think that the gist of plaintiff's, of appellant's argument here cannot be reconciled with the law or with the statute itself. Your Honor, the statute specifically says that reasonable attorney fees should be provided. That is a standard that is well known to the district court, and it's a standard that was employed by the district court. What is being advocated here by appellant is that there is a strict liability standard. In other words, what he is saying is I know a faster way that you could have gotten immunity granted, and because I have figured out a faster way, you, therefore, don't get any expenses incurred on a task other than those that involve the fastest way to immunity. That's not what the statute says. Well, the statute says incurred in establishing the defense. You're right, Your Honor. And from the get-go, and that gets back to the judicial estoppel argument, from the get-go they've been arguing that we have to go to trial to establish the actual malice or the good faith of Leslie Ruff or whether a knowingly false report was made. They can't now come here however many years later and take a contrary position, that we should not have gone to trial, that we should have taken this up on appeal. The last point that I want to make, and I know I only have two minutes left, is the fact that there is a factual, the factual premise underlying their argument is flawed, and it explains why this is not an analysis that either the district court or the appellate court should get involved with. According to them, we could have taken an interlocutory appeal of a denial of a 12b6 or 12c motion. That is absolutely incorrect. This case would not have fallen within the collateral order review. The issue of state law immunity would not have been conclusive. It is not different from the merits of the litigation, and it does not qualify under the case law Mitchell v. Forsyth because it does not provide immunity from suit. It only provides immunity from civil liability. So collateral order review was not available. And the reason I point that out is because if plaintiff's interpretation of this statute is correct, then every time a district court is faced with determining what the fees are in establishing the defense, they're going to have to second guess in trying to figure out what the most fastest and quickest way of doing so, rather than the reasonableness standard that the district court has always entailed. There's nothing in the statute that provides for a different interpretation other than the reasonableness. And in this case, we had to go to trial to prevail. We didn't just have to go to trial to prevail on the defense, Your Honor. We had to go to the Ninth Circuit Court of Appeals to prevail on the defense of immunity. Before you leave the podium, I just want to check in with Judge Noonan and see if he has questions for the defendant. No, but I do have a question for you, Mr. Wall. Okay. He's going to be back up at the podium in just a minute. Counsel, were you complete? I'm done, unless the court has questions. Thank you very much. Thank you. Thank you. Judge Noonan, we've got him back at the podium for you, so fire away. Mr. Wall, this is merely a practical question, but is your client going to be able to pay any of these damages that are assessed? Well, Your Honor, we have engaged in attempts to mediate this. The problem was we had different views of the law, and so it was very difficult. My question was can you see any? Yes, because he could pay. If at some point we could get this down to a point where he could pay, it's possible. But we're talking $150-some-thousand. It's beyond his capacity. Is he a truck driver, is he not? Excuse me? Is he a truck driver? He's a truck driver, correct? No, he is disabled, Your Honor. Disabled? Yes. He lives on a fixed income. Well, does he have an occupation? He did, and it resulted in his disability. If I might, real quickly, counsel's interpretation of Mitchell v. Forsythe is just flat wrong. It's very clear this type of defense is appealable if it's denied. And what they want you to do is give them the immunity based upon what was in the complaint, but then say, oh, but we had to litigate the merits in order to establish the immunity. In other words, a different rule for the attorney's fees would apply, as opposed to what the rule you have established for actually setting the immunity. They want it both ways. Counsel, we agree with you that this matter should go back to district court to refine the fees down to your interpretation of the statute. Are they entitled to additional attorney's fees for establishing that? No, I don't think so, because this is an argument about the attorney's fees, not about establishing the immunity. No, no. My question is, let's suppose, just suppose we send it back to the district court and direct the district court to refine the fee to your interpretation of the statute. Is Perkins, Cooley, and their client entitled to attorney's fees for that effort? Again, I guess it would be. Let's suppose further that the answer to that question is yes. Okay. Is your client aware of that? Yes, he is. We were aware that there was a possibility that fees would be awarded at some point. But, again, those fees should be only for establishing the defense. And the whole point of the immunity defense, not truly defense, it's immunity, is that you don't litigate these cases. Counsel, why is she wrong? Opposing counsel argues that the depositions, for example, had to be taken to establish this was a good faith report. Why is she wrong about that? Because this court ruled there's no good faith element in these defense. Well, at the time, though, you have to turn back the hands of time and tell me why it wasn't reasonable, why those weren't reasonably incurred. That's really the question. Because to establish the defense, all they needed to do was appeal. When she says there was no other way for us to establish this defense, that's flat wrong. What if there was another way? The question is just whether they were reasonably incurred. What in the statute requires that she get there the most expedient way possible and that we look at this in 20-20 hindsight and say, aha, you could have made it there earlier? Because, after all, she did oppose the motion to amend, right? Yes. But, again, the reason if you do what you're suggesting is you're applying a double standard. You're applying one standard to establish a defense and a different standard for deciding what attorney's fees are awardable. And so you're basically saying the defense is established by the pleadings, but we're going to let you litigate this case through a trial and get all of those attorney's fees. That's not what the statute anticipates. It anticipates this gets resolved early on, on the basis of the immunity. If immunity is there, you don't do all that litigating. Okay. So you're out of time. Let me just check with Judge Noonan, if I could, sir, before you leave. Judge, do you have any other questions? No. Okay. Thank you very much. Thank you very much. We'll submit this matter and go on to the next argument, please.
judges: NOONAN, HAWKINS, CHRISTEN